## WELCH v. FIELDS.

SPECIFIC PERFORMANCE — OFFER TO PAY BALANCE CLAIMED DUE ENTITLED PLAINTIFF TO DECREE.

In a suit by the assignee for the specific performance of an option to purchase land, where the only defense alleged in the answer was the failure of plaintiff's assignor to pay a balance claimed to be due on said option, plaintiff was entitled to a decree on her offer to pay said balance.[1]

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 16, 1925. (Docket No. 112.) Decided April 3, 1925.

Bill by Phila J. Welch, executrix of the estate of Julia A. Bayer, deceased, and another against Johanna Fields and others for the specific performance of an

———
[1]Specific Performance, 36 Cyc. p. 702.

optional land contract.    From a decree for plaintiffs, defendants appeal.    Affirmed.

*Schiappacasse & Cole,* for plaintiffs.

*James Swan* (*George H. Kretzschmar,* of counsel), for defendants.

BIRD, J.    In August, 1918, defendant Johanna Fields was the owner in fee of lot 31, Bela Hubbard's subdivision of private claim No. 77, north of River street, and south of Fort street, T. 2 S., R. 11 E.    On the 18th day of that month she gave defendant Leonard Johnston, for a consideration of $400, an option in writing to purchase the same for $4,000 at any time within two years from that date.    Johnston, soon afterwards, assigned the option to defendant A. B. Drake of Windsor, Ontario, and in March, 1920, he, in turn, assigned it to Julia A. Bayer and Grace Trankla, the plaintiffs.    These assignees soon thereafter tendered the $4,000 and demanded a deed of the premises.    Johanna Fields refused to accept the money on the ground that only one-half of the consideration for the option had been paid.    Plaintiffs then filed this bill for specific enforcement of the option, and offered in the bill to pay the remaining $200, which Johanna Fields claimed was due on the option.    A hearing of the case convinced the trial court that relief should be granted the plaintiffs and, therefore, it ordered a conveyance of the premises to the estate of Julia A. Bayer (it appearing that her co-plaintiff was a real estate broker and had only a nominal interest in the option).

It appears without question that the option was given as claimed and was afterwards assigned to Drake, and from him to Julia Bayer.    The only defense set up in the answer was failure to pay the entire consideration of $400.    Mrs. Bayer offered to

230—Mich.—14.

pay this balance, although she had no knowledge that it was unpaid. The option recited payment of the $400, and Johnston, the party to whom it was given, testified in court that he paid the entire $400 at the time the option was given. In pursuance of this offer the decree provided for its payment by plaintiff.

On the hearing defendant Johanna Fields made another and additional claim that Johnston, to whom she gave the option, took it with the oral understanding that she might at any time tender the amount paid and cancel the option. This claim appears to be a belated defense and is not very convincing. But, assuming this evidence was admissible as against the written option, it does not appear that Johanna Fields ever took advantage of the privilege reserved, as she testified "she never offered to buy it back from Johnston." In view of this it will be unnecessary to give that defense any further consideration.

We can see no valid reason for disagreeing with the trial court. It appears that Mrs. Bayer made the purchase in good faith, relying on the recital of payment of the consideration in the option. When she learned of defendant's claim she offered to pay the balance. This, we think, entitled her to have the option observed and enforced.

The decree is affirmed, with costs of both courts to plaintiff.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.